SUSAN JEANINE McDUNN, Petitioner-Appellant, v. JAMES WILLIAMS *et al.*, Respondents-Appellees.

First District (3rd Division)   No. 1—90—2166

Opinion filed September 28, 1990.

Michael E. Lavelle, of Oak Park, for appellant.

Richard Flowers and James E. Caldwell, both of Chicago, for appellee James Williams.

JUSTICE RIZZI delivered the opinion of the court:

Susan Jeanine McDunn, petitioner-appellant, appeals from the order of the trial court dismissing her election contest petition as untimely filed. On appeal, McDunn contends that the trial court erred as a matter of law in finding that the petition was not timely filed.

As a result of the March 20, 1990, Democratic Party primary elec-

tion in the City of Chicago for the office of judge of the circuit court of Cook County to fill the vacancy of the Honorable Roger Kiley, Jr., on April 9, 1990, the State Board of Elections declared James H. Williams, respondent-appellee, to be the elected Democratic nominee and certified him as having received 106,229 votes, the highest number of votes cast. The State Board of Elections certified that McDunn received 106,049 votes, the second highest number of votes cast.

Since McDunn received only 180 votes less than Williams, on April 2, 1990, she filed a petition pursuant to the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 22—9.1), for discovery recount of 25% of the precincts involved. The Board of Election Commissioners for the City of Chicago conducted a discovery recount.

On April 19, 1990, the tenth day following the canvass of the primary results by the State Board of Elections, McDunn filed a petition for election contest with the circuit court of Cook County, alleging that the evidence acquired from the discovery recount showed that (1) votes were incorrectly counted for respondent; (2) votes were not correctly counted for her; and (3) when the errors are corrected, she is shown to have received at least 1,500 more votes than respondent.

The only issue for review is whether the trial court properly dismissed the petition as untimely filed. We find that the petition was timely filed and therefore improperly dismissed.

■ The Election Code provides in pertinent part:

"Any candidate whose name appears upon the primary ballot of any political party may contest the election of the candidate or candidates nominated for the office for which he or she was a candidate by his or her political party, upon the face of the returns, by filing with the clerk of the circuit court a petition in writing, setting forth the grounds of contest, which petition shall be verified by the affidavit of the petitioner or other person, and which *petition shall be filed within 10 days after the completion of the canvass of the returns by the canvassing board making the final canvass of returns.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 46, par. 7—63.

Here, on March 27, 1990, the Board of Election Commissioners for the City of Chicago completed its canvass, tabulated the election results and forwarded the results to the Cook County clerk. The Cook County clerk forwarded the results to the State Board of Elections. On April 9, 1990, the State Board of Elections certified the election totals.

■■ According to the Illinois Supreme Court, it is the function of the State Board of Elections to examine or canvass the tabulated

statement of returns before proclaiming the results of the election; the State Board of Elections is the canvassing board which makes the final canvass of the return. (*Pullen v. Mulligan* (1990), 138 Ill. 2d 21, 45; Ill. Rev. Stat. 1989, ch. 46, par. 7—56(6).) Therefore, we find that McDunn's petition was timely filed on April 19, 1990, 10 days after the State Board of Elections canvassed the election results.

Accordingly, we reverse the trial court's order dismissing the petition and remand for further proceedings.

Reversed and remanded.

WHITE and JOHNSON, JJ., concur.